UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LONNIE JAMES JOHNSON, JR. | CIVIL ACTION NO. 07-215 |
| versus | JUDGE S. MAURICE HICKS, JR. |
| HARTFORD LIFE INS. CO., ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

This matter is before the Court on a motion for judgment on the pleadings. Plaintiff, Lonnie James Johnson, Jr. ("Johnson") filed the present suit against Defendant, Hartford Life and Accident Insurance Company ("Hartford"), seeking permanent and total disability benefits pursuant to an employee welfare benefit plan. Hartford has filed a motion *in limine* [Doc. No. 21] seeking to exclude the exhibits attached to Johnson's trial brief [Doc. No. 16]. For the reasons which follow, the motion *in limine* is **GRANTED**.

Hartford objects to Johnson's exhibits because they were not contained in the Administrative Record. The law is well settled that when evaluating whether a plan administrator abused its discretion in making a factual determination, a district court may only consider the evidence that was available to the administrator at the time of his decision. See Southern Farm Bureau Life Ins. Co. v. Moore, 993 F.2d 98, 102 (5t Cir. 1993). See also Meditrust Financial Services, Corp. v. Sterling Chemicals, Inc., 168 F.3d 211, 214 (5th Cir. 1999). Evidence which was not a part of the administrative record cannot be admitted in the district court to resolve a factual issue which the administrator relied upon when resolving the merits of the claim. See Vega v. National Life Ins. Serv., Inc., 188 F.3d 287, 289 (5th Cir. 1999). As the Fifth Circuit clarified:

> As a result, a district court must inquire only whether the "record adequately supports the administrator's decision"; from that inquiry it can conclude that the administrator abused its discretion if the administrator denied the claim "[w]ithout some concrete evidence in the administrative record."

Gooden v. Provident Life & Acc. Ins. Co., 250 F.3d, 329, 333 (5th Cir. 2001)(*quoting* Vega, 188 F.3d at 298, 302).

Johnson has not submitted any facts or information to show that the exhibits at issue were contained in the Administrative Record which was before the plan administrator. Indeed, the documents themselves show that they were printed from a website on July 31, 2007, after the instant suit was already pending.[1] Instead, Johnson argues that the documents **should have been** considered by the plan administrator. Johnson's argument comes too late. The time to argue that Hartford was not considering the complete O-Net profiles was during the claims process before the plan administrator. As the Vega court explained:

> Our motivating concern here is that our procedural rules encourage the parties to resolve their dispute at the administrator's level. If a claimant believes that the district court is a better forum to present his evidence and we permit the claimant to do so, the administrator's review of claims will be circumvented. This result is plainly contrary to Bruch, which requires us to apply an abuse of discretion standard of review. Although we recognize that there is a concern that a self-interested administrator can manipulate this process unfairly (e.g., by permitting the administrator to exclude from the record information that would weigh in favor of granting the claim), we think that this concern is largely unwarranted in the light of adequate safeguards that can be put in place.
>
> Before filing suit, the claimant's lawyer can add additional evidence to the administrative record simply by submitting it to the administrator in a manner that gives the administrator a fair

---

[1] Given the Court's ruling that the exhibits are inadmissible as extrinsic to the Administrative Record, the Court need not address the other evidentiary objections made by Hartford.

> opportunity to consider it. In Moore, we said that "we may consider only the evidence that was available to the plan administrator in evaluating whether he abused his discretion in making the factual determination." Moore, 993 F.2d at 102. If the claimant submits additional information to the administrator, however, and requests the administrator to reconsider his decision, that additional information should be treated as part of the administrative record. See, e.g., Wildbur, 974 F.2d at 634-35. Thus, we have not in the past, nor do we now, set a particularly high bar to a party's seeking to introduce evidence into the administrative record.

Vega v. National Life Ins. Services, Inc., 188 F.3d 287, 300 (5th Cir. 1999).

Since Johnson failed to submit these documents to the Plan Administrator while his claim was still under review, those documents never because part of the Administrative Record. Accordingly, those documents will not be considered by this Court in reaching its determination as to whether the plan administrator abused its discretion.

Therefore:

**IT IS ORDERED** that the Motion in Limine filed by Hartford [Doc. No. 21] is hereby **GRANTED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 1st day of February, 2008.

                                              S. MAURICE HICKS, JR.
                                              UNITED STATES DISTRICT JUDGE