# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

LONNIE JAMES JOHNSON, JR.              CIVIL ACTION NO. : 07CV0215

VERSUS                                 JUDGE HICKS

HARTFORD LIFE INSURANCE CO,            MAGISTRATE JUDGE HORNSBY
ET AL

## MEMORANDUM RULING

This matter is before the Court on a motion for decision on a stipulated record. [Doc. No. 14] Plaintiff, Lonnie James Johnson, Jr. ("Johnson") filed the present suit against Defendant, Hartford Life & Accident Insurance Co. ("Hartford"), seeking long-term disability benefits pursuant to an employee welfare benefit plan.  Also before the Court is Johnson's Motion to Strike Hartford's Statement of Undisputed Facts [Doc. No. 28].  For the reasons which follow, the motion for decision on a stipulated record is **GRANTED**, and all of Plaintiff's claims are **DISMISSED WITH PREJUDICE**.  The Motion to Strike is **DENIED AS MOOT**.

## FACTUAL BACKGROUND[1]

Johnson was a participant in a group long-term disability benefit plan ("the Plan") sponsored by his employer, McElroy Metal Mill, Inc.  The Plan was funded by a policy of insurance issued by Hartford Life and Accident Insurance Company under Group Insurance Policy No. GLT-044226.  Hartford administered claims under the Plan, including Johnson's claim.  The Plan is attached as an exhibit to the Joint Stipulation filed by the

---

[1]The Court relies on the Joint Stipulation filed by the Parties. [Doc. No. 11].

Parties (Document No. 11) and identified as Bates Nos. 000001-000048. The Administrative Record is also attached and identified as Bates Nos. 000049-000275.[2]

The Plan provides that a participant is eligible for disability benefits if during the Elimination Period (180 consecutive days) and for the next twenty-four (24) months thereafter, the individual suffers from an injury or sickness which prevents him from performing the essential duties of his own occupation and, as a result, the individual is earning less than twenty percent (20%) of pre-disability earnings.  This is considered the "Own Occupation" standard or period of disability.  Johnson was paid for benefits for the "Own Occupation" period or standard of disability.  (LTD Policy, Bates Nos. 000001-000048).

If a participant remains continuously disabled throughout the Elimination Period and the subsequent twenty-four (24) month "Own Occupation" period, the individual may continue to receive long-term disability benefits (up to a maximum age of sixty-five (65)) for as long as the participant has an injury or sickness that prevents him from performing the essential duties of any occupation for which he is qualified by education, training or experience.  This is generally considered the "Any Occupation" standard of disability.

Hartford denied Johnson's claim for long-term disability benefits under the "Any Occupation" standard of disability.

---

[2]Although the Plaintiff states in Document No. 12 at Paragraph 11 that he does not stipulate to the authenticity of the LTD Policy or to the authenticity or completeness of the Administrative Record, he has failed to submit any information to the contrary. Accordingly, the Court accepts the Policy and the Administrative Record as submitted by Hartford.

**LAW AND ANALYSIS**

**A.**     **Standard of Review Under ERISA**

It is well-settled that the standard of review in an ERISA case is governed by the language of the plan at issue.  If that plan grants the administrator discretionary authority to determine eligibility for benefits or construe the terms of the plan, then the court must use an "abuse of discretion" standard of review.  Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 109 S. Ct. 948; Duhon v. Texaco Inc., 15 F.3d 1302 (5th Cir. 1994); Wildbur v. ARCO Chemical Co., 974 F.2d 631 (5th Cir. 1992).  Here, the Plan grants Hartford "full discretion and authority to determine eligibility for benefits and to interpret all terms and provisions" of the policy.  [Doc. 12, Ex. A at Bates 000024].  Accordingly, the "abuse of discretion" standard applies.

In applying the abuse of discretion standard, the Court should analyze whether the administrator acted arbitrarily or capriciously.  See Meditrust Financial Services, Corp. v. Sterling Chemicals, Inc., 168 F.3d 211, 214 (5th Cir. 1999)(quoting Sweatman v. Commercial Union Ins., Co., 39 F.3d 594, 601 (5th Cir. 1994)). When reviewing for arbitrary and capricious actions resulting in an abuse of discretion, an administrator's decision should be affirmed if it is supported by substantial evidence.  See Meditrust Financial Services, Corp., 168 F.3d at 215.

A decision is arbitrary only if "made without a rational connection between the known facts and the decision or between the found facts and the evidence."  Id. (quoting Bellaire Gen. Hosp. v. Blue Cross Blue Shield, 97 F.3d 822, 828-29 (5th Cir. 1994)).  The Court's review of the administrator's decision "need not be particularly complex or technical; it need only assure that the administrator's decision fall somewhere on a

continuum of reasonableness–even if on the low end." Vega v. National Life Ins. Services, Inc., 188 F.3d 287, 297 (5th Cir. 1999).

Courts apply a sliding scale to the abuse of discretion standard where it is determined that the administrator acted under a conflict of interest. Lain v. UNUM Life Ins. Co. of America, 279 F.3d 337, 343 (5th Cir. 2002). "'The greater the evidence of conflict on the part of the administrator, the less deferential our abuse of discretion standard will be.' When a minimal basis for a conflict is established, we review the decision with 'only a *modicum less* deference than we would otherwise.'" Id. (*quoting* Vega, 188 F.3d at 299)(emphasis in original).

### B.   Hartford's Determination in Light of the Administrative Record

In evaluating whether a plan administrator abused its discretion in making a factual determination, a district court may only consider the evidence that was available to the administrator at the time of his decision.  See Southern Farm Bureau Life Ins. Co. v. Moore, 993 F.2d 98, 102 (5t Cir. 1993).  See also Meditrust Financial Services, Corp. v. Sterling Chemicals, Inc., 168 F.3d 211, 214 (5th Cir. 1999).  Evidence which was not a part of the administrative record cannot be admitted in the district court to resolve a factual issue which the administrator relied upon when resolving the merits of the claim. See Vega v. National Life Ins. Serv., Inc., 188 F.3d 287, 289 (5th Cir. 1999).  As the Fifth Circuit clarified:

> As a result, a district court must inquire only whether the "record adequately supports the administrator's decision"; from that inquiry it can conclude that the administrator abused its discretion if the administrator denied the claim "[w]ithout some concrete evidence in the administrative record."

Gooden v. Provident Life & Acc. Ins. Co., 250 F.3d, 329, 333 (5th Cir. 2001)(*quoting* Vega, 188 F.3d at 298, 302).

Hartford's decision that Johnson was not disabled was a factual determination. Meditrust Financial Services, *supra*. That factual determination was supported, in part, by the following concrete evidence contained in the administrative record at that time:

- Attending Physician Statement ("APS") of Continued Disability completed by Dr. Powell dated February 16, 2004 [Doc. 12, Ex. A at Bates 000131-000132];

- Physical Capacities Evaluation completed by Dr. Powell dated February 16, 2004 which outlined Johnson's restrictions and limitations [Id. at Bates 000133-000134];

- Medical records from Dr. Powell's office for the period of January 1, 2003 to August 17, 2004  [Id. at Bates 000124-000127];

- Employability Analysis Report dated August 12, 2004 which showed a number of occupations within Johnson's physical capabilities for which he was qualified [Id. at Bates 000104-000123].

Accordingly, the Court finds that there was a "rational connection" between the known facts and the decision, and that Hartford's determination was reasonable.

Johnson appealed the decision by submitting a January 10, 2005 letter accompanied by an examination note from Dr. Powell.  [Id. at Bates 000093-00094]. Although Dr. Powell's note indicated that he now believed Johnson was unable to return to work, the note contained no updated information concerning his medical condition. Hartford retained Joseph R. Gaeta, MD, Board Certified in Cardiology, to perform an independent medical examination on Johnson.  As part of his review, Dr. Gaeta engaged in an extensive telephone conference with Dr. Powell.  Dr. Gaeta ultimately concluded that there was no objective information to substantiate that Johnson was incapable of doing any work whatsoever. [Id. at Bates 00059-00064], The Court again finds that there was a

"rational connection" between the available information and Hartford's decision, and that Hartford's determination was reasonable.

Applying the standards discussed above to the administrative record, the Court concludes that Hartford did not abuse its discretion in denying Johnson's claim.  Hartford's determination is consistent with a correct interpretation of the Plan and a reasonable determination of the facts based on the administrative record.  The jurisprudence is clear that an administrator does not abuse its discretion by denying a claim based upon an independent examination which disagrees with the plaintiff's physicians.  See Black and Decker Disability Plan v, Nord, 538 U.S. 822, 123 S.Ct. 1965 (2003); Meditrust Financial Services Corp. v. The Sterling Chemicals, Inc., 168 F.3d 211, 215 n.7 (5th Cir. 1999); Sweatman v. Commercial Union Ins. Co., 39 F.3d 594, 603 (5th Cir. 1994).  See also Alcorn v. The Sterling Chemicals, Inc., 991 F. Supp. 609, 616-17 (S.D. Texas)(citing cases).

## CONCLUSION

For the foregoing reasons, the motion for decision on a stipulated record [Doc. No. 14] is **GRANTED**, and all claims made by Plaintiff Lonnie James Johnson, Jr. against Hartford Life & Accident Insurance Co are **DISMISSED WITH PREJUDICE.**  Since the Court's ruling is not based on Hartford's Statement of Undisputed Facts [Doc. No. 27], Johnson's Motion to Strike [Doc. No. 28] is **DENIED AS MOOT**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 27th day of February, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE